■ CONTINENTAL INSURANCE COMPANY, as Successor in Interest to the GLENS FALLS INSURANCE COMPANY, Appellant, v KINGSTON EQUIPMENT RENTAL, INC., et al., Respondents.—Appeal from so much of an order of the Supreme Court at Special Term, entered January 25, 1977 in Ulster County, which denied plaintiff's cross motion for summary judgment. Defendants entered into an indemnity agreement with plaintiff's predecessor in interest, Glens Falls Insurance Company, on April 10, 1969. The agreement listed the contractor as "DeRan Landscaping Service Inc. & Kingston Equipment Rental Inc. Joint Venture Saugerties, or anyone or more thereof" and the indemnitors as Allan and Sharon Randall and Earl and Rita Baker. The contractors and indemnitors agreed to exonerate the surety from any liability from losses and/or expenses arising from the surety's execution of certain payment and performance bonds. Plaintiff complains that it incurred losses totaling $204,147.95 in payments on surety bonds. All projects on which plaintiff claims losses were performed separately by De Ran Landscaping Service; they were not projects of the joint venture. Plaintiff contends that the phrase "anyone or more thereof" unambiguously places liability for the losses of the surety on either or both of the contractors, and that the liability could arise from individual projects, as well as the joint ventures, of the two companies. Defendants counter that the parties intended the agreement to cover only the joint venture of the two companies, that the companies did indeed perform six projects in tandem and that no

surety incurred any losses on these projects. Special Term determined that the papers raised issues of fact which precluded the grant of summary judgment. With this we agree. The indemnity agreement does not specify the projects to which it would apply. Nor can we say that its application is stated clearly on its face. The phrase "anyone or more thereof" is neither grammatically nor legally capable of only one interpretation, that defendants agreed to indemnify the surety for separate projects of its coventurer. This being the case, we find a trial necessary to determine the parties' intentions in signing the document (Inman v Binghamton Housing Auth., 3 NY2d 137, 147). Order affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.